NELIUS RILEY v. STATE.

No. A-3069.   Opinion Filed Sept. 13, 1919.

Rehearing Denied Jan. 12, 1920.

(185 Pac. 829.)

Appeal from County Court, Payne County; Freeman E. Miller, Special Judge.

Nelius Riley was convicted of wife abandonment, and sentenced to pay a fine of $100, and he appeals.   Judgment affirmed.

J. M. Springer, for plaintiff in error.

S. P. Freeling, Atty. Gen., and R. McMillan, Asst. Atty. Gen., for the State.

PER CURIAM.   Nelius Riley was convicted in the county court of Payne county of the offense of wife abandonment, and his punishment assessed at a fine of $100, the minimum under the law.

The defendant admitted that he abandoned his wife on the next day after their marriage, but contended that he had good cause to do so, for the reason that, after his marriage to Goldie Riley, she admitted to him that previous to their marriage she had had illicit sexual intercourse with another man, all of which was unknown to the defendant prior to the marriage, and that, after the said Goldie Riley had informed the defendant of her unlawful relations with another man, the defendant and the said Goldie Riley entered into a verbal agreement to separate, and that said separation and abandonment by the defendant of his said wife, Goldie Riley, was pursuant to said verbal agreement, and because of said unlawful sexual relations with another man prior to her marriage to this defendant.

The defendant, as a witness in his own behalf, was permitted to testify to the statements made by his wife to him relative to these un-

lawful sexual relations with another man; but the court excluded the evidence of the verbal agreement to separate, to which defendant's counsel objected and excepted at the time, and offered to prove a verbal agreement to separate. The action of the court in excluding this evidence is alleged to be erroneous. Section 3354, Revised Laws 1910, provides as follows:

"A husband and wife cannot, by any contract with each other, alter their legal relations, except as to property, and except that they may agree in writing to an immediate separation, and may make provision for the support of either of them and of their children during such separation."

In view of the provisions of the foregoing statute, it is the opinion of this court that the ruling of the trial court in excluding the proffered testimony of the verbal agreement to separate was correct.

It is also contended that the trial court erred in refusing to permit certain remarks made by the presiding judge to be incorporated into the record. The record does not show what remarks were made by the trial judge that were not taken down and put into the record. There is a statement by the court to the effect that all the remarks of the court will not be put into the record, but there is no showing that there were any remarks excluded from the record. Such a showing could have been made by affidavit, had the trial court refused to make a proper record. Section 5249, Rev. Laws 1910. Where the record does not support the assignment, there is nothing for this court to pass upon.

Error is also assigned in the giving of certain instructions, and in refusing to give others asked for by the defendant. We have carefully examined the instructions as given, and are of the opinion, considered as a whole, that they correctly and fully cover the law of the case, and are as favorable to the defendant as his testimony would warrant.

The evidence in this case clearly indicates that the defendant married Goldie Riley in order to avoid a prosecution for a felony, and with the premeditated intention and design on his part to abandon her after marriage. The facts fully warranted his conviction, and it would be a travesty on justice to reverse such a conviction, and remand the cause for a new trial, because of alleged immaterial errors, which did not result to the substantial prejudice of the defendant.

Judgment is affirmed.